UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SAMUEL RODRIGUEZ,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:12-cr-00158-KJD-PAL<br>　　　　　　2:12-cr-00220-KJD-PAL<br>　　　　　　2:16-cv-01332-KJD<br>　　　　　　2:16-cv-01333-KJD<br><br>ORDER |

Presently before the Court are Defendant's Motions to Vacate under 28 U.S.C. § 2255 filed in case 2:12-cr-00158-KJD-PAL (the illegal reentry case) as Docket No. 43/44 and 2:12-cr-00220-KJD-PAL (the supervised release case) as Docket No. 31.

**Background**

Defendant Samuel Rodriguez pled guilty to the separate offense of attempted reentry of removed alien in violation of 8 U.S.C. § 1326 in both cases. On April 2, 2013, Defendant was sentenced to a term of 74 months' custody in the illegal reentry case. (#30). Defendant's advisory sentencing guideline range calculation included a 16-level enhancement pursuant to United States Sentencing Guideline Section 2L1.2(b)(1)(A)(ii) for a previous removal following a conviction for a "crime of violence." On the same date, he was sentenced to eight (8) months' custody in the supervised release case consecutive to his sentence in the illegal reentry case (#23) Defendant filed the instant motions under 28 U.S.C. § 2255 in both cases on June 13, 2016.

**Analysis**

Defendant's motions were filed more than one year after his conviction became final in both cases and are therefore untimely pursuant to 28 U.S.C. § 2255(f)(1). Defendant has not

alleged or demonstrated that any of the alternative limitation periods set forth in Section 2255(f) are applicable with respect to his motion.

Defendant contends that his motions are timely pursuant to 28 U.S.C. § 2255(f)(3)3 in light of Johnson v. United States, 135 S.Ct. 2551 (2015). In Johnson, the Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. However, the Supreme Court has subsequently held that the Sentencing Guidelines are not subject to a void for vagueness challenge under the Due Process Clause and that Johnson is not applicable to the advisory Guidelines. Beckles v. United States, 137 S.Ct. 886 (2017). Therefore, Johnson is not applicable in these cases and thus cannot serve to extend the limitations period under 28 U.S.C. § 2255(f)(3).

**Conclusion**

The Court finds Defendant's motions to be time barred under 28 U.S.C. § 2255(f).

Accordingly, IT IS HEREBY ORDERED that Defendant's Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 are **DISMISSED**.

IT IS FURTHER ORDERED that the Court DENIES Defendant a certificate of appealability, as Defendant has not made a substantial showing that he has been denied a constitutional right. See 28 U.S.C. § 2253(c)(2) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right").

The Clerk's Office shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2019.

_____
Kent J. Dawson
United States District Judge